Wells Fargo Bank, N.A. v Whyte

2026 NY Slip Op 03375

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wells Fargo Bank, N.A., etc., Plaintiff-Respondent,

v

Coleen Whyte Also Known as Coleen A. Whyte, Defendant-Appellant, New York City Bureau of Highway Operations, et al., Defendants.

Decided and Entered: May 28, 2026

Index No. 36127/20|Appeal No. 6734|Case No. 2025-04825|

Before: Webber, J.P., Gesmer, Pitt-Burke, O'neill Levy, JJ.

Coleen Whyte, appellant pro se.

Hinshaw & Culbertson LLP, New York (Nicholas Ponzo of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about May 21, 2025, which denied defendant's motion to compel plaintiff to produce evidence of plaintiff's litigation counsel's authority to represent plaintiff and to strike counsel's notice of appearance and request for foreclosure settlement conference, unanimously affirmed, without costs.

The court properly denied as moot defendant's motion to compel evidence of plaintiff's litigation counsel's authority to prosecute this foreclosure action. Plaintiff submitted an affirmation from its loan servicer and attorney-in-fact affirming that it retained litigation counsel as co-counsel to represent plaintiff in the foreclosure action, which was sufficient to establish litigation counsel's authority to represent plaintiff. The affirmation satisfied the requirements of CPLR 2106 and did not require notarization since it was made under the penalties of perjury.

In any event, plaintiff failed to establish any basis under CPLR 322(a) to compel plaintiff to establish litigation counsel's authority to prosecute the foreclosure. Because defendant served an answer in the foreclosure, she is precluded from demanding that plaintiff produce evidence of litigation counsel's authority to prosecute the action. Further, since CPLR 322(a) only permits a defendant to demand proof of counsel's authority to commence an action, any demand under CPLR 322(a) should instead have been made with respect to plaintiff's foreclosure counsel, which actually commenced the action before appointing litigation counsel to prosecute it in court.

Defendant's argument that CPLR 321(b) prevented litigation counsel from representing plaintiff until foreclosure counsel withdrew is similarly unavailing. Since litigation counsel appeared as co-counsel, as opposed to being substituted in the place of foreclosure counsel, CPLR 321(b) is inapplicable. Even if a formal notice of withdrawal had been required, the failure to file it would have been a technical oversight that would have had no effect on litigation counsel's authority to prosecute the action (see Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009 [2d Dept 2018]).

Finally, to the extent defendant seeks litigation counsel's disqualification, she lacks standing because she does not allege that she is or was in an attorney-client relationship with it or that its representation of plaintiff would somehow result in the disclosure of confidential information (see Develop Don't Destroy Brooklyn v Empire State Dev. Corp., 31 AD3d 144, 150 [1st Dept 2006], lv denied 8 NY3d 802 [2007]).

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026